IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVIOUS MARQUES BOYD,** | : | |
| Plaintiff, | : | |
| | : | Case No. 5:23-cv-00207-MTT-CHW |
| v. | : | |
| **RIVERBEND REH. FAC.,** | : | |
| **ALL POSITIONS,** | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

**ORDER**

*Pro se* Plaintiff Davious Boyd, a prisoner at Ware State Prison in Waycross, Georgia, filed this 42 U.S.C § 1983 complaint. ECF No. 1. Plaintiff did not pay a filing fee or request leave to proceed without prepayment of the filing fee. In order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Furthermore, if Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983, the present pleading is insufficient to do so. Plaintiff complains that he has been "physically assaulted by inmates and staff". ECF No. 1 at 5. He further states "check camera's system from 6-2-22 to 12-14-22 and let the jury

help you figure out the verdict". *Id*. Plaintiff names "Riverbend Rehab Fac.," along with "all positions @ that institution" as Defendants. *Id*. at 1, and 4.

Plaintiff's complaint is composed of vague allegations about which he fails to link claims to any specified state actor. *Id*. The complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks". In addition, Rule 10(b) of the Federal Rules of Civil Procedure requires that a party must state its claims in paragraphs limited to a single set of circumstances.

Plaintiff's complaint is a typical "shotgun pleading," in that it asserts multiple unrelated claims against numerous unnamed defendants without specifying which of the defendants are responsible for which acts or omissions. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

The leniency afforded to *pro se* litigants does not permit them to file an impermissible shotgun pleading. *Id*. Courts in this circuit have repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket". *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Such shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources". *Id*. (citation omitted). Shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income*

*Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002). It is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Because Plaintiff is proceeding *pro se*, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Plaintiff is now required to submit an amended complaint on the Court's standard § 1983 form if he wishes to proceed with this civil action. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. The Court will not refer to the original complaint to determine whether Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff intends to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. Presently, it is unclear who the Plaintiff is intending to file a claim against because he

3

refers to "all positions" and "Riverbend Rehab Fac." as his Defendants. ECF No. 1 at 1 and 4. A damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Conclusory references to employees and all persons in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Collective liability, that is, claims brought against general defendants such as "all positions" or "staff" or "employees", is not permitted under § 1983, and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen"). Likewise, a state prison such as Riverbend Correctional Facility is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims

4

against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)  What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)  Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3)  When and where did each action occur (to the extent memory allows)?

(4)  How were you injured because of this Defendant's actions or inactions?

(5)  What relief do you seek from this Defendant? [1]

---

[1] Plaintiff states that he wants the Court, in part, to "send [him] back to Riverbend" and to provide him with "10 IPhones ASAP once [he] get[s] back there". ECF No. 1 at 6. He also requests that this Court "put $100,00K on [his] offender account and $1 million dollars on every type of money transferring App so [he] can use the money to buy & sale drugs". *Id*. The United States District Courts do not have the authority to grant Plaintiff this relief that he seeks. *See e.g., Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum v. Fano*, 427 U.S. 215, 224 (1976) (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison"). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. Plaintiff may not join unrelated claims and defendants in a single action. A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). Just because alleged events occur to an individual during the course of his incarceration in one prison or several prisons does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). Moreover, as the Seventh Circuit stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees . . ." If the Plaintiff wishes to pursue unrelated claims, these would be separate actions that must be filed in separate complaints on the

6

Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

Plaintiff must truthfully and completely answer each question presented on the Court's standard form including but not limited to his litigation history and his efforts to exhaust his administrative remedies. In recasting his complaint, Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments. ***The total complaint must be no longer than ten (10) pages.***

If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. If Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Lastly, within approximately twenty days, the Plaintiff has recently filed at least seven lawsuits, including the above-named action, in the Middle District of Georgia. *See Boyd v. Warden Cox,* 5:23-cv-198-MTT-CHW (filed June 5, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-207-MTT-CHW (filed June 13, 2023); *Boyd v.*

7

*Riverbend Rehabilitation Facility,* 5:23-cv-211-MTT-MSH (filed June 16, 2023); *Boyd v. Riverbend Rehabilitation Facility,* 5:23-cv-212-TES-CHW (filed June 16, 2023); *Boyd v. Hancock State Prison,* 5:23-cv-219-MTT-CHW (filed June 21, 2023); *Boyd v. Bailey,* 5:23-cv-222-MTT-CHW (filed June 27, 2023). All these civil actions are impermissible shotgun pleadings like the present suit or raise duplicative claims or are frivolous. *See id*. Plaintiff is cautioned that he will be responsible for satisfying the filing fees in each of these suits whether any proceed beyond frivolity review or whether any are dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915. Should Plaintiff have three lawsuits dismissed as frivolous, malicious, or for failure to state a claim, he will be barred from pursuing any future federal civil rights actions *in forma pauperis* unless he is found by a Court to be under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff should carefully review each of his suits to be sure they are specifically pled to state a constitutional claim, that they do not combine unrelated claims as prohibited by the Federal Rules of Civil Procedure, and that his various suits do not present duplicative claims. Should Plaintiff find that any of his suits are duplicative of another suit or that any may otherwise need to be withdrawn, then he may file a motion to have the defective case(s) voluntarily dismissed.[2]

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14)**

---

[2] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

**DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) either pay the filing fee or properly file a motion to proceed *in forma pauperis* that includes a certified account statement for the previous six months, signed by a prison official.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

So **ORDERED and DIRECTED**, this 10th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
